UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERSH ZAVODNIK and<br>TATIANA ZAVODNIK,<br><br>                Plaintiffs,<br><br>       vs.<br><br>THOMAS J. CARROLL, MARION COUNTY SUPERIOR COURT CIVIL 06, ADAM C. COBB, JENNIFER R. FITZWATER, JENNIFER MCNAIR, MERCER BELANGER, ROBYN L MOBERLY, KEVIN DEMPSEY, FRANK OTTE, ELLEN K. FUJAWA, DEWAYNE PITTMAN, US BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF INDIANA Indianapolis Division, JOHN R. LAYTON, JEFFREY J. EDENS Boone County Circuit Court,<br><br>                Defendants. | Case No. 1:14-cv-00995-SEB-TAB |

**Entry Dismissing Complaint, Denying Request for Temporary Restraining Order or Preliminary Injunction and Directing Further Proceedings**

**I.**

The plaintiffs' motion for leave to proceed *in forma pauperis* [dkt. 2] is **granted.**

**II.**

**A.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

**B.**

Presently before the Court is the plaintiffs' 291-page complaint. The plaintiff's unwieldy complaint, which is full of legal analysis and irrelevant facts, violates Rule 8(a)(2) of the *Federal Rules of Civil Procedure.* That rule requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ." The complaint is dismissed for violating Rule 8(a)(2) and for the additional reasons set forth below. *See United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

## C.

Even giving the complaint liberal construction, the Court cannot discern within it any plausible federal claim against any defendant. First, it appears that the plaintiffs' primary purpose in filing this action is to stop the sheriff's sale set to take place on June 18, 2014. But, this Court has no authority to dismiss, review, or otherwise interfere with the state court case in which the foreclosure order was issued. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). The *Rooker-Feldman* doctrine strips the district court of jurisdiction to involve itself in the plaintiffs' attempt at an appeal of the state court decisions, notwithstanding their allegations that the state court's judgment runs afoul of the United States Constitution. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[*District of Columbia Court of Appeals v.] Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted).

Second, the judges in the state court case and bankruptcy court are entitled to immunity for their actions taken in the state case, even if the plaintiffs believe they acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity). Accordingly, defendants Thomas J. Carroll, Judge of the Marion County Superior Court; Robyn L. Moberly, Former

Judge of the Marion County Superior Court and Judge of the United States Bankruptcy Court, S.D. of Indiana; Frank J. Otte, Judge of the United States Bankruptcy Court, S.D. of Indiana; and Jeffrey J. Edens, Judge of the Boone County Circuit Court are subject to **dismissal** on this basis.

Third, the Marion County Superior Court is not a suable entity under Indiana law and thus cannot be sued for constitutional violations. See IND. CODE § 36–1–2–10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, the Marion County Superior Court is **dismissed**.

Fourth, defendants Adam C. Cobb, Jennifer R. Fitzwater, and Jennifer McNair appear to be attorneys involved in other lawsuits. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). There is no plausible basis to conclude that the defendant attorneys were acting under state law such that they are subject to liability under § 1983. They are **dismissed** on this basis.

Similarly, the United States Bankruptcy Court, Ellen K. Fujawa, Trustee of the United States Bankruptcy Court, S.D. of Indiana, Kevin P. Dempsey, Clerk of the U.S. Bankruptcy Court, S.D. of Indiana, and DeWayne Pittman, Clerk of the U.S. Bankruptcy Court, S.D. of Indiana, are not proper defendants in a § 1983 action. There is no plausible basis to conclude that their alleged actions resulted in a constitutional violation such that liability under the theory set forth in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) is possible.

**III.**

Without a viable federal claim, the "plaintiffs' verified emergency motion for the immediate (TRO) temporary restraining order & preliminary injunction order enjoining the sheriff's sale of 'the roof over the old & sick plaintiffs' heads' – our home, scheduled to take place in a few days – on June 18th, 2014, other TRO orders & preliminary injunction orders, and to set an emergency expedited hearing on a preliminary injunction" [dkt. 3] is **denied.**

**IV.**

The dismissal of the complaint will not in this instance lead to the dismissal of the complaint at present. Instead, the plaintiffs shall have **through July 22, 2014,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiffs shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought. The plaintiffs are further notified that A[u]nrelated claims against different defendants belong in different suits.@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for lack of subject matter jurisdiction.

## V.

The plaintiff's motion requesting assistance with service of process [dkt. 5] is **denied as premature.** If a viable claim is identified in the amended complaint, the Court will assist with serving the defendants.

**IT IS SO ORDERED.**

Date: 6/16/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GERSH ZAVODNIK
4410 Clayburn Dr.
Indianapolis, IN 46268

TATIANA ZAVODNIK
4410 Clayburn Dr.
Indianapolis, IN 46268